UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ANGELA EIB and BRAYDEN COX,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 1:19-CV-00270 |
| | ) |
| **FXKOK02, INC., TIMOTHY JOLIFF, and** | ) |
| **DAVID HIATT,** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Angela Eib and Brayden Cox ("Eib", "Cox", or collectively "Plaintiffs"), bring these claims against Defendants, FXKOK02, Inc., Timothy Joliff, and David Hiatt ("FX", "Joliff", "Hiatt", or collectively "Defendants"), as follows:

## OVERVIEW

1.     This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"), I.C. §22-2-5 et. seq., The Indiana Wage Claim Statute ("IWCS"), I.C. §22-2-5 et. seq. and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IWL").  Defendants violated the FLSA by failing to pay Plaintiffs at least minimum wage for all hours he worked. Defendants further violated the Indiana Wage Claim Statute by failing to timely pay Plaintiffs' earned wages in accordance with Indiana law.  Sutton pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative in addition to breach of contract.

## PARTIES

2. EIB is an individual who, at all relevant times, resided in the Northern District of Indiana (Grant County).  She was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint.  At all times hereinafter mentioned, Eib was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).  Moreover, Eib was an employee as defined by I.C. §22-2-2-3.

3. Cox is an individual who, at all relevant times, resided in the Northern District of Indiana (Grant County).  He was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint.  At all times hereinafter mentioned, Cox was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).  Moreover, Cox was an employee as defined by I.C. §22-2-2-3.

4. FX is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).  Alternatively, Sutton's work regularly involved commerce between states, including, but not necessarily limited to, shipping and delivering parcels between and amongst various states.  Moreover, FX is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint.  FX performs work throughout central Indiana.

4. Joliff is the owners of FX.  In this capacity, Joliff is involved in the day-to-day operations of FX.  Joliff has the authority to make decisions regarding wage and hour issues and routinely manages FX's pay practices.  At all relevant times, Joliff had responsibility to act on behalf of, and in the interest of, FX in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Plaintiffs.  As a result, Joliff is an "employer" within the meaning of 29 U.S.C. § 203(d).

5. Hiatt is the manager of FX. In this capacity, Hiatt is involved in the day-to-day operations of FX. Hiatt has the authority to make decisions regarding wage and hour issues and routinely manages FX's pay practices. At all relevant times, Hiatt had responsibility to act on behalf of, and in the interest of, FX in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Plaintiffs. As a result, Hiatt is an "employer" within the meaning of 29 U.S.C. § 203(d).

6. FX is an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce and has an annual gross volume of sales made or services performed of not less than $500,000 in receipts.

## JURISDICTION

7. This Court has jurisdiction over Defendants pursuant to 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Sutton's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

8. Venue is appropriate in the Northern District of Indiana pursuant to 28 U.S.C. § 1391.

## FACTS

9. Eib began her employment with FX as a driver in or about September 2018. Eib was paid $675 for 5-day work weeks and $805 for 6-day work weeks.

10. Cox was employed by FX sporadically as a jumper to assist drivers in delivering packages. For this work Hiatt agreed to pay Cox $100 per day.

11. FX, Joliff, and Hiatt failed to pay Eib all of the wages she earned with Defendants. FX, Joliff and Hiatt failed to pay Cox any wages.

12. Eib and Cox filed wage claims with the Indiana Department of Labor. The Indiana Attorney General's office referred Eib's case to private counsel and dismissed Cox's claim. Cox resigned his employment.

13. Plaintiffs have lost wages as a result of Defendants' illegal pay practices.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

14. Plaintiffs incorporate paragraphs 1 – 13 herein.

15. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the minimum wage requirements of the FLSA.

16. Plaintiffs were harmed by Defendants' unlawful willful and/or reckless conduct.

### COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE INDIANA WAGE CLAIM AND PAYMENT STATUTES

17. Plaintiffs incorporate paragraphs 1 – 16 herein.

18. During the relevant time period, Defendants violated the provisions of Indiana Code §§22-2-5 et. seq. by failing to timely pay Plaintiffs' earned wages. Eib contends she is owed about $1,100. Cox contends he is owed $700.

19. Plaintiffs' have been financially harmed by Defendants' conduct, and Defendants do not have a good faith or reasonable basis to have not paid Plaintiffs all the wages they earned in a timely manner as prescribed by the Indiana Wage Claim or Payment Statutes.

### COUNT III: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

20. Plaintiffs incorporate paragraphs 1 – 19 herein.

21. Plaintiffs plead their Indiana overtime claims in the alternative.

22. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's overtime wage provisions by failing and refusing to pay Plaintiffs at least minimum wage for all hours they worked.

23. Defendants' conduct is willful, reckless, or indifferent to Sutton's rights.

### COUNT IV: BREACH OF CONTRACT AND UNJUST ENRICHMENT

24. Plaintiffs incorporate paragraphs 1 – 23 herein.

25. Plaintiffs and Defendants entered in to an employment contract such that Plaintiffs would be compensated for work performed on behalf of and to the benefit of Defendants.

26. Defendants breached the contract with Plaintiffs.  If Defendant should keep the benefit of its bargain with Plaintiff without compensating them they would be unjustly enriched.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court to find in their favor and award them the following relief:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs;

b. An Order requiring Defendants to pay Plaintiffs liquidated damages;

c. An order awarding Plaintiffs unpaid wages and any applicable penalties under Indiana law;

d. An Order awarding Plaintiffs the costs of this action;

e. An Order awarding Plaintiffs their attorney's fees;

      f.      A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA and Indiana law by failing to comply with the minimum wage requirements of the FLSA and Indiana law; and

      g.      An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiffs